(160 App. Div. 117)

### PETER v. INTERNATIONAL SALT CO. OF NEW YORK.

(Supreme Court, Appellate Division, Third Department. January 7, 1914.)

MASTER AND SERVANT (§ 278*)—INJURIES TO SERVANT—NEGLIGENCE OF MASTER—QUESTION FOR JURY.

Where an employé, engaged in shoveling into bags salt which had been brought from wells and dumped in a pile and hardened so as to require blasting, was injured by salt falling from the pile, and the danger was not observable except by inspection, and the employé had not been warned of the danger, a finding that the employer was guilty of actionable negligence in failing to inspect the pile and thereby give to the employé a safe place to work, and in failing to warn him of the dangers attending his work, was justified.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Tompkins County.

Action by Leo Peter against the International Salt Company of New York. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

H. D. Bailey, of Syracuse, for appellant.

Cobb, Cobb, McAllister & Feinberg, of Ithaca, for respondent.

SMITH, P. J. The judgment appealed from follows a verdict in favor of plaintiff in a negligence case. The action was under the Employers' Liability Act (Consol. Laws 1909, c. 31, §§ 200–204). The questions submitted to the jury besides the plaintiff's contributory negligence and assumption of risk were the negligence of the defendant in failing to provide a safe place to work or to warn plaintiff of the dangers to which he was subjected.

Plaintiff was injured by the falling of a large amount of salt from a pile which had before been deposited in defendant's works. This salt is brought from the wells in cars upon tramways and dumped in a pile 18 or 20 feet high. The salt thus piled hardens, so that in order to bag the same part of it has to be separated from the pile by blasting. After the salt has been thus separated from the large pile, it is shoveled into bags and taken away for shipment. Upon the morning of the accident, about a half hour before, the large pile had been blasted, and a smaller amount of salt had been separated therefrom from which plaintiff was shoveling into bags. Suddenly salt fell from the large pile upon plaintiff, causing serious injury. The danger of salt falling from the large pile was not observable except by inspection, and of this danger plaintiff had not been warned. These facts authorized the jury to find that the defendant had been negligent in not giving such inspection as to assure to plaintiff a safe place to work, and also in not warning plaintiff of the dangers attending his work. His shoveling from the loose salt which had been separated by the blast from the large pile in no way caused the salt to fall from the large pile. The finding of the jury, also, that plaintiff was free from negligence and had not assumed the risk, is well supported by the evidence. He had come into this country only a few months before and could not speak English. No criticism is made of the amount of the verdict.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.